[No. 1889]

ANTONE ZETLER, RESPONDENT, *v.* TONOPAH AND GOLDFIELD RAILROAD COMPANY, APPELLANT.

[143 Pac. 119]

1. CARRIERS—TRANSPORTATION OF BAGGAGE—LIMIT OF LIABILITY.

    A carrier, by reasonable regulations brought to the knowledge of a passenger, may limit its liability as an insurer for the transportation of baggage to a specified value, except when paid additional compensation proportional to the risk, and $100 is a reasonable amount in value above which an additional charge may be made.

2. CARRIERS—TRANSPORTATION OF BAGGAGE—LIMITED LIABILITY—NEGLIGENT LOSS.

    A stipulation limiting a carrier's liability for loss of baggage to $100, in the absence of payment of an excess charge for additional valuation, is unavailable, where the carrier has wilfully taken or withheld the baggage from the passenger, or has negligently delivered it to the wrong person.

NORCROSS, J., dissenting.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers*, Judge.

On rehearing. **Affirmed.**

[For former opinion, see 35 Nev. 384.]

*Campbell, Metson & Brown, Walter Shelton*, and *Huger Wilkinson*, for Appellant.

*James Donovan*, for Respondent.

By the Court, TALBOT, C. J.:

[1] After more mature deliberation, we see no reason for changing the conclusion reached in the former opinion (35 Nev. 384, 129 Pac. 299). It may be conceded that carriers of passengers, by reasonable regulations brought to the knowledge of the passenger, may be protected against liability as insurers for baggage, exceeding a specified value, except when paid additional compensation proportional to the risk, and that $100 is a reasonable amount in value above which an additional charge may be made.

[2] Nevertheless, if such a stipulation is made or

accepted by the passenger, the company should not be allowed to enforce it, if it has wilfully taken or withheld the baggage, or against such a negligent act as the delivery of the trunk to a person not entitled to receive it because not having the check.

The judgment of the district court will stand affirmed.

McCARRAN, J.: I concur.

NORCROSS, J., dissenting:

I dissent upon the grounds stated in my former dissenting opinion (35 Nev. 385, 129 Pac. 299). Since the former decision in this case, the Supreme Court of the United States has rendered a number of decisions which, in my opinion, confirm the views heretofore expressed that respondent is bound by the agreed maximum value of the baggage expressed in the ticket contract, signed by respondent; the transportation company having made provision for transporting baggage of a higher value, upon payment of an additional consideration proportionate to value.

The recent authorities, as well as many former decisions, are cited in the case of *Boston & Maine R. R.* v. *Hooker,* 233 U. S. 97, 34 Sup. 526, decided April 6, 1914.

We are bound, I think, also to consider that this case involves an interstate transaction, and the federal authorities, in my judgment, are in point and controlling upon this court.